```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
---

HEUNG SVAY,

                    Plaintiff,        **15-cv-6080**
                                                  **DECISION AND ORDER**
            -vs-

CAROLYN W. COLVN, Acting
Commissioner of Social Security,

                    Defendant.

---

## I. Introduction

Plaintiff Heung Svay ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "SSA"), challenging the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted and defendant's motion is denied.

## II. Background

On January 4, 2012 and January 26, 2012, plaintiff filed applications for SSI and DIB alleging disability as of January 1, 2011. Administrative Transcript ("T.") 182-184. Following an initial denial of his applications, a hearing was held, at plaintiff's request, on May 3, 2013, before administrative law

judge ("ALJ") Brian Kane. T. 28-69. Plaintiff testified, as did impartial vocational expert Peter Manzi (the "VE"). By decision dated June 19, 2013, the ALJ found that plaintiff was not disabled. T. 12-27. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. T. 1. This action ensued.

The Court adopts and incorporates by reference herein the undisputed factual recitations contained in the moving papers. The record evidence will be discussed in further detail as needed. Considering the case de novo and applying the five-step analysis contained in the Social Security Administration's regulations (*see* 20 C.F.R. §§ 404.1520, 416.920), the ALJ made, among others, the following findings: (1) plaintiff met the insured status requirements of the SSA through December 31, 2009; (2) plaintiff had not engaged in substantial gainful activity since May 1, 2006, the alleged disability onset date; (3) his L5-S1 first-degree retrolisthesis, L5-S1 posterior broad-based disco protrusion abutting the S1 nerve roots, bilaterally, and recently diagnosed atrial fibrillation were severe impairments;(4) his impairments, singly or combined, did not meet or medically equal the severity of any impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520[d], 404.1525, 404.1526, 416.920[d], 416.925, 416.926); (5) plaintiff has the residual functional ("RFC") capacity to perform light work (*see* 20 CFR 404.1567[a] and 416.967[a]) with the following limitations: occasionally lift or

carry up to 15 pounds; stand and/or walk for up to two hours and sit for up to six hours in an eight-hour workday. T. 17-18. The ALJ further found that plaintiff, categorized as a younger individual, is unable to perform any past relevant work, but his considering age, education, work experience, and RFC, there are a significant number of jobs in the national economy that plaintiff could perform. T. 22.

For the reasons discussed below, plaintiff's motion is granted and defendant's motion is denied.

**III. Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir.1999), quoting *Mongeur v. Heckler*, 722 F.2d

1033, 1038 (2d Cir.1983) (per curiam). Section 405(g) limits the scope of the Court's review to two inquiries: (1) whether the Commissioner's findings were supported by substantial evidence in the record as a whole and (2) whether the Commissioner's conclusions are based upon an erroneous legal standard. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir.2003).

Plaintiff, 36 years old at the time of his hearing, testified that he left school in the ninth grade to work and help his family. T. 33. He has an 18-year-old son with whom he plays pool during weekly visits. T. 35. Plaintiff's work history included temporary positions through a staffing agency, waste management and recycling, shipping and receiving, assembly work, forklift operation, and excavation, all of which required heavy lifting to varying degrees. T. 36-45, 50. His parents were factory workers, and plaintiff had to babysit his siblings at age nine while his parents worked. T. 41. Due to his back pain, plaintiff left his waste management position, unable to lift more than five to ten pounds without pain. T. 46. He was able to shoot pool, watch television, go outdoors, cook lunch occasionally, sit in his garage, listen to music, take out the garbage, and do dishes. T. 59-61. Plaintiff had difficulty sleeping due to his back pain and sometimes could not sleep at all for several days in a row. T. 62. The pain caused by a back injury that occurred in 1995 became progressively worse, but plaintiff declined back surgery "because [it] is not 100 percent." T. 65. Plaintiff testified that

he was concerned about being in a wheelchair for the rest of his life if "they messed up [the surgery]." T. 65-66. Plaintiff took Vicodin, which helped him sleep but failed to adequately manage his pain symptoms. T. 66. Plaintiff also expressed concerns about an earlier, unrelated hospitalization for appendicitis wherein he felt that the hospital staff was "trying to kill [him]" by starving him to death. T. 68.

The VE testified that an individual of plaintiff's age, education, and work experience, who was limited to lifting and carrying up to 15 pounds, sitting for up to six hours and sitting or walking for up to six hours in a workday, could not perform any of plaintiff's past work. T. 51. Such an individual could perform a full range of sedentary jobs and the light, unskilled work of a collator operator, photocopy machine operator, and laundry sorter. T. 51-52. There were no jobs for such an individual with the same lifting and carrying limitations who could sit for only one to two hours, stand for one to two hours, and walk for one to two hours in a workday. T. 53.

## IV. Discussion

Plaintiff contends that: (1) the RFC is not supported by substantial evidence because the ALJ rejected all medical evidence in his favor and adopted the less restrictive portions of the medical opinions contained in the record; (2) the ALJ failed to follow the treating physician rule because he discounted the opinions of plaintiff's treating physician, Dr. Chang; (3) the ALJ

failed to incorporate the limitations set forth by Drs. Toor and Ransom; and (4) the ALJ failed to properly assess plaintiff's credibility. Plaintiff's memorandum of law, p. 13-30. The Commissioner responds that the RFC is supported by substantial evidence and that the ALJ properly assessed plaintiff's credibility. Defendant's memorandum of law, p. 9-17.

It is well established that "'[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).'" *Hogan v. Astrue*, 491 F. Supp.2d 347, 354 (W.D.N.Y. 2007), quoting Social Security Ruling 96-8p, 1996 WL 374184, *7 (S.S.A. 1996) and citing *Balsamo v. Chater*, 142 F.3d 75, 80-81 (2d Cir. 1998). An ALJ's failure to discuss every part of an opinion, however, does not indicate that such evidence was not considered. *See Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012). In the ALJ's RFC assessment here, he concluded that plaintiff was able to perform light work with the aforementioned limitations.

**The ALJ failed to provide adequate reasons for giving little weight to the opinion of plaintiff's treating physician.**

In his decision, the ALJ considered the medical opinions of plaintiff's treating physician, Dr. Teresa Chang, consultative internist Dr. Harbinder Toor, and consultative psychologist Christina Ransom, Ph.D. T. 19-22. The ALJ initially noted that

plaintiff's current back symptoms, for which he sought treatment in October 2006, related to the back injury that he suffered in 1995. The ALJ notes that Dr. Chang treated plaintiff in August 2007 for complaints of persistent lower back pain, for which he was prescribed Vicodin. T. 20.  Plaintiff continued to report back and shoulder pain, acknowledging that he took Vicodin and drank alcohol to relieve his pain. T. 20.  The ALJ noted that, as of July 2011, plaintiff continued to drink alcohol on a daily basis. T. 20.

In her medical statement assessing plaintiff's physical functional limitations, Dr. Chang opined that he was "very limited" because he could do no more than one to two hours of walking, standing, sitting, pushing, pulling, bending, and lifting or carrying in an eight-hour work day. T. 409.  She assessed no limitations for seeing, hearing and speaking during an eight-hour work day.  Dr. Chang further opined that plaintiff could perform no more than 20 hours of work per week and was limited to lifting no more than 15 pounds and avoiding excessive pushing, twisting, and bending. T. 407.

The ALJ concluded that Dr. Chang's opinion was not supported by the medical evidence in the record and therefore assigned little weight to her opinion. T. 20.  The ALJ's found that "the objective evidence does not support the level of limitations alleged" by Dr. Chang and expressly based his finding on plaintiff's "activities of daily living," which included "playing pool, doing some household chores, like garbage removal, dishwashing, and

independent self-care activities, as well as plaintiff's "intermittent and conservative treatment history." T. 20.

The ALJ determined that the opinion of consultative internist Harbinder Toor was entitled to "some weight." T. 21. The ALJ noted that Dr. Toor examined plaintiff on one occasion and reported that plaintiff had a history of a lower back injury and a dislocated shoulder and assessed moderate limitations for standing, walking, sitting, pushing, pulling, and reaching with the left shoulder and moderate to severe limitations for bending and lifting. T. 21. Dr. Toor further opined that plaintiff's "pain interferes with his physical routine" and his prognosis was guarded. T. 374. Dr. Toor's physical examination revealed that plaintiff had difficulty walking heel to toe, complained of pain in his legs and ankles, could squat to 20 percent of full, and had difficulty changing due to a shoulder injury and difficulty getting out of his chair. T. 372. Dr. Toor's musculoskeletal examination revealed lumbar spine forward flexion 20 to degrees, extension zero degrees, lateral flexion 20 degrees, rotation 20 degrees, straight leg raise both sitting and supine was bilaterally declined, his left shoulder forward elevation was limited to 80 degrees, abduction 80 degrees, and adduction with pain in the left shoulder. T. 373.

The ALJ then discussed the opinion of consultative psychologist Christine Ransom, who performed a one-time mental health evaluation of plaintiff on April 11, 2013. T. 367-370. Dr. Ransom opined that plaintiff's attention and concentration and

immediate and recent memory was moderately impaired by his depression and anxiety, which he reported was caused by his "[inability] to work and [his] continuous back pain. T. 21. His intellectual functioning appeared to be average with adequate insight and judgement. Dr. Ransom further opined that plaintiff could understand and follow simple instructions, directions, perform and learn simple tasks, and maintain a simple, regular schedule. He would have moderate difficulty performing complex tasks, relating with others, and dealing with stress. Dr. Ransom found that the results of her evaluation were "consistent with [plaintiff's] allegations." T. 369. She diagnosed plaintiff with major degressive and anxiety disorders, both currently moderate, and advised him to seek treatment for his depression. T. 370. In his decision, however, the ALJ found "no evidence" of depression and anxiety symptoms or difficulties with attention and concentration elsewhere in the record. The ALJ concluded that plaintiff's "behavior and affect during the consultative examination could be related to a long history of alcohol and pain medication abuse," and he accorded "some weight" to Dr. Ransom's opinion. The Court notes, however, that there is no medical opinion in the record which asserts that plaintiff's alcohol abuse contributed to his claim of disability.

The Court finds that the ALJ's decision does not adequately demonstrate that he properly evaluated the opinion of plaintiff's treating physician, whose findings are inconsistent with the ALJ's

RFC assessment. The Second Circuit has consistently held that "the failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." *Rugless v. Comm'r of Soc. Sec.*, 548 F. App'x 698, 700 (2d Cir. 2013). In discounting Dr. Chang's opinion here, the ALJ gave the conclusory reason that it was "not supported by the medical evidence of record." T. 20. The ALJ relied on plaintiff's daily activities, the most rigorous of which was garbage removal, and a "rather intermittent and conservative treatment history." T. 20. The ALJ accords more weight to Dr. Toor's opinion, making a similarly vague and conclusory finding that it is "well supported by the substantial objective evidence of record." T. 21. The ALJ, however, essentially relies on plaintiff's daily activities and conservative treatment history in determining the weight to be given to Dr. Toor's opinion. It is therefore unclear to the Court why the opinion of consultative examiner Dr. Toor, who appears to assess more moderate limitations than Dr. Chang, is entitled to greater weight than that of plaintiff's treating physician. The Court finds that ALJ has failed to state good reasons supported by objective medical evidence in the record for dismissing Dr. Chang's opinion and, consequently, remand is warranted.

"The SSA recognizes a rule of deference to the medical views of a physician who is engaged in the primary treatment of a claimant." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). "[T]he opinion of a claimant's treating physician as to the nature

and severity of the impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *Id.* (internal quotation marks omitted). Although the ALJ need not address every factor of the treating physician rule, the ALJ's reasoning and adherence to the regulation must be clear in his decision. *See Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013). When a treating physician's opinion is not given controlling weight, the "ALJ must explicitly consider, inter alia: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist." *Greek*, 802 F.3d at 375, citing 20 C.F.R. § 404.1527(c)(2)(i), (2)(ii), (3)-(6).

Here, the ALJ, in rejecting Dr. Chang's opinion, does not provide an adequate explanation why her opinion was not "supported by the medical evidence of record" by failing to explicitly consider any of the factors for determining the weight to be given to a non-controlling medical opinion under 20 C.F.R. § 404.1527(c)(2). *See Greek*, 802 F.3d at 376 (2d Cir. 2015). Even if the ALJ had substantial evidence to deny controlling weight to Dr. Chang's opinion, he "must make explicit findings to enable a court to review his decision with more than mere conjecture." *Feldmeyer v. Heckler*, 585 F. Supp. 1367, 1370 (W.D.N.Y. 1984).

-11-

Neither the ALJ's decision here nor the record as a whole provides justification or sufficient explanation for discounting the opinion of plaintiff's treating physician. In her treatment notes (*see* 276-313), Dr. Chang notes plaintiff's chronic back pain and an MRI from 2007 revealing L5-S1 retrolisthesis L5-S1 disk protrusion abutting the S1 nerve root greater on the left side. T. 281, 311-312. On January 6, 2012, plaintiff was treated in the emergency department for "[p]ain all over" and "tingling," and he was diagnosed with chronic pain, neuropathy, alcohol abuse (unspecficied), and tobacco abuse. T. 354. In March 2013, plaintiff was treated for back and left shoulder pain, bilateral leg pain, irregular heartbeat, and atrial fibrillation and referred to a pain clinic. T. 433-437.

Based on the foregoing, and a review of the record evidence as a whole, the Court finds no clarity with respect to the ALJ's decision to accord little weight to the opinion of plaintiff's treating physician. The "SSA regulations provide a very specific process for evaluating a treating physician's opinion and instruct ALJs to give such opinions controlling weight in all but a limited range of circumstances." *Greek*, 802 F.3d 376, citing 20 C.F.R. § 404.1527(c)(2). The ALJ has not made an adequate showing of the existence of such circumstances in this case.

**V.    Conclusion**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings (Docket No. 10) is denied and plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to

the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The ALJ shall review the medical record evidence and determine with clarity the weight to be given to plaintiff's treating physician Dr. Chang's opinion in accordance with 20 C.F.R. § 404.1527(c)(2).  The Clerk of the Court is requested to close this case.

**SO ORDERED.**

                                    **S/Michael A. Telesca**

                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge

Dated:   March 11, 2015
        Rochester, New York